Stone *v.* Stone.

STONE *vs.* STONE.

1. An acknowledgment of service of a copy of the citation in a divorce suit is not evidence of a legal service, to give the court jurisdiction where the defendant does not appear. There should be evidence of the service of a copy of the petition also.

2. In a suit for divorce for desertion, the desertion must appear from the facts sworn to.

Petition for divorce on the ground of desertion.

THE CHANCELLOR.

The petition alleges that the parties to this suit lived together after their marriage, in 1844, for about seven years, and until the month of May, 1862, when the defendant deserted the petitioner, and left the state, as the latter has understood and believes; that the defendant has since then lived in Newark, in this state, for a short time, but not with the petitioner, who was then residing at her usual place of abode, in Dover, in the county of Morris; that he did not come to the place where she lived; that his residence, at the time of filing the petition, was not precisely known to her, except as she was informed, and believed that he was living in adultery, in Philadelphia. The petition was filed on the 13th of August, 1874. The citation was issued on the next day. It appears, by an acknowledgment endorsed on the writ, and signed by the defendant, that a copy of the citation was served on him on the twenty-second of the same month of August. No copy of the petition was served on him. The service, therefore, was not complete, and is invalid. The defendant did not appear in the suit. The order for proofs was irregular, and could not be sustained.

The proof in the case, however, does not sustain the charge of desertion. The principal testimony is that of the petitioner. She and her daughter were the only witnesses, and the proof

of the alleged desertion rests wholly on their testimony. The petitioner testifies that the defendant was in Dover, in the winter of 1870, engaged at work in the car factory, near that place; that he remained there six months; that part of the time he lived with her as her husband, and the rest of the time he boarded with her; that he left Dover in May, 1869; (she probably intended to say 1870;) that the reason of his leaving was that a woman came there from Philadelphia, to obtain support from him for a child which she had had by him; that he made a satisfactory arrangement with the woman for the support of the child, and she left town; that this settlement was made in the early part of April, 1869, and the defendant left Dover in May, following; that when he went away he said he was going to New York, and that, since then, he has not lived with the petitioner; that he has contributed nothing to her support since he left Dover, in May, 1869, and that she has heard from his mother that he lived in Orange, in this state, part of one summer, since then. She says he visited Dover on the 4th of July, 1874; that on that occasion he called at her house and asked to see his grandchild, who, with its mother, their daughter, lived with the petitioner, and that he made no errand to see the petitioner, and that that is the only time she has seen him since he left. The daughter testifies that the defendant left Dover in the spring of 1870; that he returned to Dover on the 4th of July, in that year; that he came to see her and her child, and not the petitioner; that he came again on the 4th of July, 1874, to see the witness and her child, and that he has not been in Dover, to her knowledge, since the last date.

In all this there is no proof of desertion. There is no evidence of any desire, on the part of the petitioner, that her husband should live with her. She has made no effort to that end. Nor does it appear that she was willing to live with him. The testimony would be consistent with the theory that she refused to live with him. He returned to his family as lately as the 4th of July, 1874. They say he came to

see his grandchild, and "made no errand" to see his wife, but what reception he met with on the occasion does not appear. For aught that appears in the testimony, the defendant was desirous of living with his wife during the time of his absence from her. The witnesses must have known not only the circumstances of the alleged desertion, but also as to the willingness or indisposition of the defendant to live with the petitioner. They have not testified as to either of those matters.

The master has not observed the provision of the one hundred and fifty-ninth rule, that in divorce suits based on desertion, the master shall examine into and report the facts and circumstances under which the desertion took place, and the reasons which caused or provoked it, if the same can be ascertained.

The decree of divorce will be denied, and the petition dismissed.